**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

STEVEN GILKEY,

      Plaintiff,

v.                                         No. CV 14-0335 WJ/KK

DAVID WILLARD,
MICHAEL MARTIN,
TIM HATCH,
JANINE RODRIGUEZ,
JOSE SANTAGO,
GERMAN FRANCO,
individually and in their
official capacities,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915A and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint.   Plaintiff is incarcerated and appears pro se.   He paid the statutory filing fee and has not sought leave to proceed under 28 U.S.C. § 1915.   For reasons set out below, the Court will dismiss Plaintiff's complaint.

      The Court reviews Plaintiff's complaint, initially, under § 1915A(a), (b).   As pertinent here, the statute provides that,

> The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . .   On review, the court shall identify cognizable claims or dismiss the complaint, or any portion [thereof], if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted.

§ 1915A(a), (b).   The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his

complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was found guilty of a disciplinary charge for assaulting a corrections officer. For punishment he was placed in segregation for a year and forfeited good time credits. Plaintiff contends that his conviction was based on insufficient evidence. When he was released from segregation, he was reclassified to a higher custody level. He claims that Defendants' actions violated his rights under the Eighth and Fourteenth Amendments, as well as certain state constitutional provisions. The complaint seeks declaratory and injunctive relief and damages.

Plaintiff was charged with assault after he "placed his arms around an officer in an attempt to hault [sic] him from assisting another officer who was allegedly being attacked by another inmate." A disciplinary officer investigated the incident and recommended a disciplinary hearing on the charge against Plaintiff. At the conclusion of the hearing, Plaintiff was convicted of the charge. Plaintiff asserts that his disciplinary conviction and the sanctions imposed were not supported by sufficient evidence and thus violated his due process rights. He alleges that "the only admissable evidence against Plaintiff was the misconduct report itself," and "any other possible and existing evidence not gathered and submitted at this stage [was] inadmissible." He contends, without documentary support, that his action did not constitute an assault under Corrections Department policy. He also asserts, with no supporting facts, that Defendant Willard,

the disciplinary hearing officer, was not "fair and impartial."

Courts are often called upon to determine "what standard [they] should employ in determining whether a prison disciplinary conviction complies with the mandates of the Due Process Clause." *Plunk v. Givens*, 234 F.3d 1128, 1130 (10th Cir. 2000).   As the Supreme Court has stated, "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).   The Court of Appeals for the Tenth Circuit has summarized the factors announced in the *Wolff* decision that "limit[] due process rights inherent in a prison disciplinary hearing to the rights to (a) at least twenty-four hours advance written notice of the claimed violation, (b) an opportunity to call witnesses and to present documentary evidence, and (c) a written statement by the factfinder detailing the evidence upon which the factfinder relied and the reasons for any disciplinary action." *Lowe v. Sockey*, 36 F. App'x 353, 360 (10th Cir. 2002) (citing *Wolff v. McDonnell*, 418 U.S. at 564-66).   "In fact, it is absolutely clear in this Circuit that [*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985)]'s 'some evidence' standard governs that determination." *Plunk v. Givens*, 234 F.3d at 1130 (citing *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996).

The complaint alleges that the only "admissable evidence against Plaintiff [at his disciplinary hearing] was the misconduct report itself."   (Doc. 1, ¶17(a).)   The Court notes that, to the contrary, one of Plaintiff's exhibits states that the hearing officer's decision was also based on "video footage of the incident."   (Doc. 1-1, p.8.)   Furthermore, the hearing officer rejected Plaintiff's legal argument that his actions did not constitute assault.   (Doc. 1-1, p.14.)   The record of the disciplinary proceeding clearly shows that Plaintiff's conviction and the announced punishment satisfied the "some evidence" standard.   *Mitchell v. Maynard*, 80 F.3d at 1445.   As

another court commented recently in a case involving a similar due process claim, "even if due process was implicated [by imposition of segregation as disciplinary punishment], Plaintiff received all of the process to which he was due."  *Miranda v. Martinez*, No. 13-CV-2739, 2014 WL 1383243, at *2 (W.D. La. April 8, 2014) (citing the factors in *Wolff* and discussing Due Process standards announced in *Sandin v. Conner*, 515 U.S. 472 (1995)).   The Court will dismiss Plaintiff's due process claims arising from the disciplinary hearing.

Nor is relief available on Plaintiff's due process claim arising from his classification to an increased custody level after his release from segregation.   In the first place, Plaintiff has no due process rights to a particular classification.  *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).   On the other hand, "[t]he Supreme Court recently recognized a due process liberty interest at stake when a prisoner's reclassification imposed an 'atypical and significant hardship.' " *Muniz v. Moore*, 375 F. App'x 841, 844 (10th Cir. Mar. 31, 2010) (citing *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005).   Here, as in *Muniz*, Plaintiff does not allege "extreme conditions [such as] indefinite solitary confinement that rendered the prisoner ineligible for parole," *Muniz*, 375 F. App'x at 844 (citing *Wilkinson*, 545 U.S. at 224), and therefore this due process claim will be dismissed.

The complaint also asserts due process claims against certain parties based on denial of Plaintiff's grievances and disciplinary appeals.   The Court of Appeals for the Tenth Circuit has noted that, "there is no independent constitutional right to state administrative grievance procedures.   Nor does the state's voluntary provision of an administrative grievance process create a liberty interest in that process."  *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011) (citations omitted).   And furthermore, "[b]ecause [Plaintiff]'s only allegations involving these defendants relate to the denial of his grievances [or appeals], he has not adequately alleged

4

any factual basis to support an 'affirmative link' between these defendants and any alleged constitutional violation." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted).   The Court will dismiss Plaintiff's due process claim arising from denial of his grievances and disciplinary appeals.

Plaintiff claims that his disciplinary segregation and subsequent increased custody level also violated his rights under the Eighth Amendment.   Nothing less than the " 'unnecessary and wanton infliction of pain' implicates the Eighth Amendment." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (citation omitted).   "The Constitution . . . 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Id*.   With respect to Plaintiff's claim of unconstitutional segregation,

> In a recent decision, we analyzed "four potentially relevant, nondispositive factors" to determine whether certain conditions of confinement impose an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life."   In particular, we noted that
>> relevant factors might include whether (1) the segregation relates to and furthers a legitimate penological interest, such as safety or rehabilitation; (2) the conditions of placement are extreme; (3) the placement increases the duration of confinement, . . . ; and (4) the placement is indeterminate. . . .
> While these factors do not "serve as a constitutional touchstone," they do facilitate "a fact-driven assessment that accounts for the totality of conditions presented by a given inmate's sentence and confinement."

*Stallings v. Werholtz*, 492 F. App'x 841, 844 (10th Cir. 2012) (quoting *Rezaq v. Nalley,* 677 F.3d 1001, 1011 (10th Cir. 2012); *Estate of DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007)).   In *DiMarco*, the Court of Appeals for the Tenth Circuit noted two of its earlier decisions rejecting due process claims against segregation placements of 399 days and 1825 days. *Estate of DiMarco*, 473 F.3d at 1340-41; *and see Brown v. Nix*, 33 F.3d 951, 953, 955 (8th Cir.

1994) (ruling that disciplinary segregation totaling nearly nine years was not cruel and unusual punishment).   Under these standards, the Court concludes that Plaintiff's disciplinary punishment of one year's segregation did not violate his Eighth Amendment rights.

Furthermore, Plaintiff's more restrictive custody classification after his segregation does not implicate the Eighth Amendment.   *See Muniz v. Moore*, 375 F. App'x at 842 (affirming dismissal of plaintiff's second attempt to bring Eighth Amendment claim against classification that segregated him from other prisoners).   "To the extent that [prison] conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offense against society."   *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981).   "Because [Plaintiff] does not allege that he is being deprived of anything beyond the privilege of being in the general population, he fails to state a claim under the Eighth Amendment."   *Hernandez v. Hanks*, 65 F. App'x 72, 74 (7th Cir. 2003) (citing *Higgason v. Farley,* 83 F.3d 807, 809 (7th Cir. 1996); *Rhodes*, 452 U.S. at 347)).   The Court will dismiss Plaintiff's federal claims.

Last, Plaintiff contends that Defendants' alleged actions violated certain of his rights under state law.   In view of the dismissal of all federal claims against Defendants, the question arises whether this Court should exercise jurisdiction of Plaintiff's state law claims.   It is assumed for purposes of this opinion that this Court has "supplemental jurisdiction" of these claims.   *See* 28 U.S.C. § 1367(a).   The Court may, nonetheless, "decline to exercise supplemental jurisdiction over a claim . . . if-- . . . the district court has dismissed all claims over which it has original jurisdiction."   § 1367(c)(3).   Under the terms of the statute, the Court declines to exercise supplemental jurisdiction and will dismiss Plaintiff's state law claims without prejudice to his right to pursue these claims in a state forum.   *See Wishneski v. Andrade*, 572 F. App'x 563, 570 (10th Cir. 2014) (remanding case to district court with directions to dismiss state law claims without

prejudice); *but cf. Styskal v. Weld Cnty. Bd. of Cnty. Comm'rs*, 365 F.3d 855, 859 (10th Cir. 2004) (rejecting assertion that federal court's dismissal of state law claims with prejudice precludes adjudication of claims in state court).

IT IS THEREFORE ORDERED that Plaintiff's state law claims are DISMISSED without prejudice, otherwise the complaint is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE